WALTER J. HEIN and VINA B. HEIN, Appellants, v. AMANDA HEIN PAYNE.—144 S. W. (2d) 122.

Division One, October 31, 1940.

*Chas. A. Miller* for appellants.

*Ruth C. Woodruff* and *George E. Woodruff* for respondent.

CLARK, J.—Appeal from the Circuit Court of Grundy County from a decree in favor of defendant in a suit to set aside a deed.

In this court, respondent filed a motion to dismiss the appeal because of the failure of the abstract of the record to comply with our rules in certain particulars. After that appellants filed a motion to supply portions of the record and respondent filed suggestions in opposition. Respondent contends that the abstract, as corrected, still contains fatal defects as follows: (1) There is no record entry that a bill of exceptions was filed nor an appeal taken; (2) The purported judge's certificate does not show that a bill of exceptions was approved and ordered filed; (3) The purported bill of exceptions does not show the filing of the motion for a new trial, the ruling thereon, or exceptions to such ruling.

The certificate of the judge shows only that the bill of exceptions was presented and does not show that it was approved and ordered filed. However, the certificate of the clerk shows that the bill was approved by the court in term time, ordered filed, and actually filed and made a part of the record. The bill of exceptions does not make any mention of a motion for new trial. The abstract sets out the motion followed by the words: "filed April 24, 1939, Sam Knight, Cir. Clerk and Ex-officio Recorder." Then follows a record entry showing that the motion for new trial was taken up by the court and overruled, and an appeal allowed.

Appellants' abstract sets out a petition filed January 21, 1939, and an answer filed February 20, 1939. Respondent has filed an additional abstract pointing to the book and page of the court record showing an entry made on March 31, 1939, as follows: "By leave of court plaintiffs amend petition . . . By leave of court defendant files answer to plaintiffs' petition as amended." Respondent's additional abstract does not complete the record entry nor supply the answer filed.

Appellants' abstract falls far short of being in the usual, approved form, and a strict construction of our rules would justify us in dismissing the appeal. The most serious defect is the failure to clearly show that the abstract sets out the pleadings on which the case was tried. However, as respondent's additional abstract does not show that plaintiffs filed an amended petition, but authorizes the inference that they amended their original petition by interlineation; and, as our rule Number 9 provides that the clerk "will only insert the last

amended pleading and will set out no abandoned pleading,'' we are authorized to assume that appellants' abstract sets out the petition as amended. Without establishing a precedent for the future, we will overrule respondent's motion to dismiss the appeal.

Appellants are husband and wife; appellant, Walter J. Hein, being the son of Daniel Hein, deceased. Respondent, Amanda Hein Payne, is the stepmother of Walter J. Hein and the widow of Daniel Hein, she having remarried after the death of Daniel Hein. On December 26, 1931, Daniel Hein and wife executed and delivered to appellants a deed conveying to them the land now in controversy, but reserving a life estate in the grantors. At the same time the appellants signed and acknowledged a deed purporting to convey the same land back to Daniel Hein and his wife, the respondent. Appellants recorded their deed on the day it was executed. The deed to Daniel Hein and wife was recorded by respondent on October 30, 1936. Thus far there is no dispute as to the facts.

The sole question for decision is as to whether the latter deed, from appellants to Daniel Hein and wife, was delivered with the intention of passing the title.

Plaintiffs (appellants) offered in evidence a marriage contract, entered into by Daniel Hein and respondent at the time of their marriage in 1923, in which it was provided that respondent should have a life estate in the land. Plaintiffs testified that the deed in question was executed at the home of Daniel Hein and left in the possession of respondent; that respondent then agreed that, if she survived her husband, Daniel Hein, she would destroy the deed without recording it; but, if Daniel Hein survived her, he and the appellants would have to decide what to do with the deed. Appellants also offered evidence to the effect that, after the deed was executed, respondent stated on a few occasions that she owned only a life estate in the land.

Defendant (respondent) denied the statements attributed to her and testified that the deed was delivered to her without any restriction. She said that prior to the execution of the deed her husband, Daniel Hein, had been sued on a note for a large amount; that he told defendant he was afraid the land would be taken from him and he wanted respondent to have it; that defendant kept the deed in her lock box until the suit on the note was disposed of and then recorded it. On behalf of defendant, the notary who prepared the deeds and took the acknowledgments testified as follows:

"Q. All right not what was said? A. That they would draw two deeds, one from Daniel Hein, husband and wife to Walter Hein and Vina Hein, husband and wife, reserving a life estate; we would draw the second deed from Walter Hein and Vina Hein to Daniel Hein and Amanda Hein, husband and wife, without any reservation; then Amanda Hein was—I was to deliver the second deed to Amanda Hein, which she was to hold so long as she desired, if she didn't desire to

place it of record that this place at her death would go to Walter Hein and Vina Hein, if she so desired, and if she needed the money to live on then she could place this deed of record and do as she pleased.

"Q. Now what, if anything, was said by Daniel Hein, relative to his wife, Amanda Hein, having title to this property, absolutely? A. That was his intention if she so desired.

"Q. If she so desired? A. Yes, sir.

"Q. That was said in the presence of Walter Hein and Vina Hein? A. That's my recollection.

"Q. And what, if anything did they say about it A. There was no complaint raised that I heard of."

This case, being in equity, we reach our own conclusions as to the facts, giving due consideration to the findings of the chancellor. [Hale v. Weinstein, 102 S. W. (2d) 650, l. c. 652.]

The parties have cited to us many cases on what constitutes delivery of a deed. These cases differ as to the facts upon which they were ruled, but substantially agree upon the abstract rule of law. This rule may be stated in the language used in Clark v. Skinner, 334 Mo. 1190, l. c. 1199, 70 S. W. (2d) 1094, as follows: "The essentials of a delivery of a deed are, the parting of the possession and control of the same by the grantor and the putting of such possession and control in the hands of the grantees, or someone for them, with the intent to pass title from grantor to the grantees."

In the instant case, under any view of the evidence, the appellants parted with the possession and dominion of the deed. The only question is as to whether they intended to pass title to the land. Viewing appellants' testimony in the light most favorable to them, it might be said that the delivery was a conditional one, only to become final and effectual in the event the respondent should be survived by her husband. Under the testimony of the respondent, the delivery was complete; and this is so even if we disregard what her husband told her and which may have been inadmissible on proper objection. Also, under the testimony of the notary, the delivery was complete, because that testimony shows that the future title rested entirely with respondent. That is to say, this testimony indicates that appellants intended to pass the title, but erroneously believed that respondent could revest title in them, if she so desired, by merely withholding the deed from record.

The chancellor, seeing and hearing the witnesses, was in a better position to form a correct conclusion than we are by reading the record. However, the record indicates to us that the decree is for the right party and it is hereby affirmed. All concur.